ADANTÉ D. POINTER, ESQ., SBN 236229
PATRICK M. BUELNA, ESQ., SBN 317043
TY L. CLARKE, ESQ., SBN 339198
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORINDA IZAZAGA CARDENAS, individually and as successor-in-interest to Decedent DANIEL RIVERA IZAZAGA;<br><br>Plaintiff<br><br>v.<br><br>COUNTY OF NAPA, a municipal corporation; and DOES 1-50, inclusive.<br>Defendants. | Case No.: 4:24-cv-04248-DMR<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br>(42 U.S.C. § 1983)<br><br>JURY TRIAL DEMANDED |

# INTRODUCTION

1. On August 15, 2023, Decedent Daniel Rivera Izazaga was taken into custody at the Napa County Jail, where he remained in custody for the next three months. During his detention, Daniel was diagnosed with depression by jail medical staff.

2. On information and belief, despite being diagnosed with depression, Daniel was never placed in an observation cell, nor placed on the highest level of medical supervision. This decision by yet-to-be-identified employees of the Defendant County of Napa, including but not limited to mental health jail medical staff, to not place Daniel under the highest level of medical supervision had deadly consequences.

3. On October 15, 2023, Daniel attempted suicide by hanging in his cell. He was rushed to a nearby hospital and placed on life support. Tragically, Daniel died nine days later on October 24, 2023.

4. Since Daniel's passing, his mother—Plaintiff Florinda Izazaga Cardenas—and her family have been attempting to get answers regarding Daniel's detention and medical treatment while in custody at the Napa County Jail. The family's requests for answers have been ignored, forcing Plaintiff to bring this lawsuit in order to determine what happened to her beloved son.

# JURISDICTION

5. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in Napa, California in the County of Napa, which is within this judicial district.

# PARTIES

6. Decedent DANIEL RIVERA IZAZAGA (hereinafter "Decedent") was an adult, and died intestate, unmarried, and was the biological son of Plaintiff FLORINDA IZAZAGA CARDENAS.

7. Plaintiff FLORINDA IZAZAGA CARDENAS (hereinafter "Florinda" or "Plaintiff") is a competent adult and a resident of California. Florinda is the biological mother of Decedent. Florinda brings these claims individually on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and federal civil rights law.

8. Defendant COUNTY OF NAPA (hereinafter "Defendant COUNTY") is a municipal entity duly organized and existing under the laws of the State of California that manages and operates the COUNTY OF NAPA SHERIFF'S OFFICE and the NAPA COUNTY JAIL.

9. Plaintiff is ignorant of the true name and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Defendants DOES 1 through 50 are employees of Defendant COUNTY. Plaintiff will amend this complaint to allege the true names and capacities of Defendants DOES 1 through 50 when ascertained. Plaintiff believes and alleges that each of the Defendant DOES 1-50 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant DOE 1 through 50 proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and failure to provide constitutionally-adequate medical care. Each Defendant DOE 1 through 50 is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will seek leave to amend this complaint in order to name Defendants DOES 1 through 50 when ascertained.

10. In doing the acts and/or omissions alleged herein, Defendants DOES 1 through 50 acted within the course and scope of their employment for Defendant COUNTY.

11. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

**FACTUAL ALLEGATIONS**

12. On or about August 15, 2023, Decedent was arrested and taken into the custody of the Napa County Sheriff's Office at the Napa County Jail. Decedent then remained in custody at the Napa County Jail for the next three months.

13. On information and belief, during Decedent's time at the Napa County Jail, he was diagnosed with depression by jail medical staff.

14. On information and belief, despite Decedent's diagnosis, yet-to-be-identified employees of the Defendant County of Napa—including but not limited to jail medical staff, mental health medical professionals and/or Napa County Sheriff's Office supervisors—did not house Decedent in a medical and/or safety cell, nor did they place him under the highest level of medical observation for detainees at risk of self-harm. These County employees are identified in this Complaint as Defendants DOES 1-50.

15. On information and belief, Defendants DOES 1-50 elected to house Decedent in general population at the Napa County Jail for the entirety of his detention, even in light of his worsening mental health symptoms.

16. On October 15, 2023, Decedent hung himself in his cell. On information and belief, this cell was located in general population.

17. He was rushed to Queen of the Valley Medical Center in Napa, California, where he was placed on life support. Decedent tragically passed on October 24, 2023, after being taken off life-support.

18. On information and belief, Decedent would not have had access to the materials required to hang himself but for Defendants DOES 1-50's decisions to not place Decedent under the highest level of medical supervision and instead to house him in general population.

19. Following Decedent's death, Florinda, who is Decedent's mother, and her family, attempted to get information from the Defendant County regarding Decedent's detention and passing. They have been repeatedly stonewalled and were told that they would need to hire a lawyer to get any information regarding Decedent's death.

20. On December 1, 2023, Florinda filed a timely government tort claim with the Defendant County of Napa regarding Decedent's death. This claim was rejected by operation of law on January 15, 2024.

## DAMAGES

21. As a direct and proximate result of each of the Defendants' deliberate indifference to Decedent's obvious and serious medical needs and distress, Decedent and Plaintiff suffered injuries, emotional distress, fear, terror, anxiety, and a loss of sense of security, dignity, and pride as United States Citizens.

22. As a direct and proximate result of each of the Defendants' acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

    a. Wrongful death of Decedent DANIEL RIVERA IZAZAGA;

    b. Hospital and medical expenses;

    c. Coroner's fees, funeral, and burial expenses;

    d. Loss of familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support and loss of familial association;

e. Pain and Suffering, including emotional distress;

f. DANIEL RIVERA IZAZAGA's conscious pain and suffering, pursuant to federal civil rights law (Survival claims);

g. Violation of Plaintiff's and Decedent's constitutional rights;

h. All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988, and as otherwise allowed under California and United States statutes, codes, and common law.

23. The conduct of Defendant Jail Staff was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of Decedent, Plaintiff, and the public. Plaintiff is therefore entitled to an award of punitive damages against Defendants DOES 1-50.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Fourteenth Amendment – Deliberate Indifference under 42 U.S.C. Section 1983)**
*(Plaintiff as successor-in-interest to DECEDENT against Defendants DOES 1-50)*

24. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

25. By the actions and omissions described above, Defendants DOES 1-50 violated 42 U.S.C. §1983, depriving Decedent of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendment to the United States Constitution:

a. The right to be free from deliberate indifference to Decedent's serious medical needs while in custody as secured by the Fourteenth Amendment.

26. Defendants DOES 1-50 subjected Decedent to their wrongful conduct, depriving Decedent of rights described herein with reckless disregard for whether the rights and safety of Decedent would be violated by their acts and/or omissions.

PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES
IZAZAGA v. COUNTY OF NAPA

27. As a result of their misconduct, Defendants DOES 1-50 are liable for Decedent's injuries and/or damages. Defendants DOES 1-50's conduct was egregious, outrageous and shocks the conscience; and/or were committed with oppression and/or malice; and/or were despicable and perpetrated with a willful and conscious disregard for Decedent's safety, health and wellbeing. As such, Plaintiff is entitled to punitive damages and penalties as allowable under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (Fourteenth Amendment – Familial Loss under 42 U.S.C. Section 1983)
*(Plaintiff, individually, against Defendants DOES 1-50)*

28. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

29. By the actions and omissions described above, Defendants DOES 1-50 violated 42 U.S.C. §1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendment to the United States Constitution:

    a. Right to familial association.

30. Defendants DOES 1-50 subjected Decedent to their wrongful conduct, thereby depriving Decedent and Plaintiff of the rights described herein with reckless disregard for whether the rights and safety of Decedent, Plaintiff, and others would be violated by their acts and/or omissions. Defendants DOES 1-50 were deliberately indifferent to Decedent's serious medical needs, thereby depriving Plaintiff of her familial relationship with her son.

31. As a direct and proximate result of Defendants DOES 1-50's acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth herein.

32. Defendants DOES 1-50's conduct was egregious, outrageous and shocks the conscience; and/or were committed with oppression and/or malice; and/or were despicable and

perpetrated with a willful and conscious disregard for Plaintiff's safety, health and wellbeing. As such, Plaintiff is entitled to punitive damages and penalties as allowable under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Negligence)
(*Plaintiff, individually and as successor-in-interest to DECEDENT against Defendants DOES 1-50 and COUNTY*)

33. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

34. At all times, Defendants DOES 1-50 owed Plaintiff and Decedent the duty to act with due care in the execution and enforcement of any right, law, or legal obligations.

35. At all times, Defendants DOES 1-50 owed Decedent the duty to act with reasonable care.

36. These general duties of reasonable care and due care owed to Plaintiff and Decedent by Defendants DOES 1-50 include but are not limited to the following specific obligations:

   a. To refrain from being deliberately indifferent to Decedent's serious medical needs;
   b. To refrain from violating Plaintiff's Fourteenth Amendment right to familial association;
   c. To refrain from abusing the authority granted to DOES 1-50 by law; and
   d. To refrain from violating Plaintiff's and Decedent's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law;

37. Defendants DOES 1-50, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff and Decedent.

38. Defendant COUNTY is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal Gov. Code § 815.2.

39. As a direct and proximate result of Defendants' negligence, Plaintiff and Decedent sustained injuries and damages, and against each and every Defendant, Plaintiff is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Violation of the Bane Act (Cal. Civ. Code § 52.1))
*(Plaintiff individually against Defendants DOES 1-50 and COUNTY)*

40. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

41. Plaintiff brings her "Bane Act" claim individually for direct violation of her own rights.

42. By their conduct described herein, Defendants DOES 1-50, acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

   a. Right to familial association.

43. All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiff's right; none were accidental or merely negligent.

44. Defendant COUNTY is vicariously liable, pursuant to Cal. Gov. Code § 815.2, for the violation of rights by its employees and agents.

45. As a direct and proximate result of Defendants' violations of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions, Plaintiff sustained injuries and damages against all Defendants and is entitled to relief as set forth above,

including punitive damages against all individual defendants, and including all damages allowed by Cal. Civ. Code §§ 52, 52.1, and California law, not limited to costs, attorneys' fees, treble damages, and civil penalties

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(Violation of Cal. Civ. Code § 845.6)**
*(Plaintiff individually and as successor-in-interest to DECDENT against Defendants DOES 1-50 and COUNTY)*

46. Plaintiff hereby re-alleges and incorporates each and every paragraph in this Complaint as fully set forth here.

47. Defendants DOES 1-50 knew or had reason to know that Decedent was in need of serious medical treatment and supervision, and each failed to take reasonable action to place Decedent under the highest level of medical supervision.

48. Each such individual defendant, employed by and acting within the course and scope of their employment with Defendant COUNTY, knowing and/or having reason to know of Decedent's need for medical supervision, failed to take reasonable action to summon such care and treatment in violation of California Government Code § 845.6.

49. Defendant County is vicariously liable, pursuant to Cal. Gov. Code § 815.2, for the violation of rights by its employees and agents.

50. As a direct and proximate result of the aforementioned acts of these Defendants, Plaintiff and Decedent were injured as set forth above, and their losses entitle Plaintiff to all damages allowable under California law. Plaintiff (individually and as successor-in-interest to Decedent) sustained serious injury and is entitled to damages, penalties, costs, and attorneys' fees under California law as set forth above, including punitive damages against these individual Defendants.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

51. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. For general damages in a sum to be proven at trial;
2. For special damages, including but not limited to, past, present, and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;
3. For punitive damages against Defendants DOES 1-50 in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794(a) and as otherwise may be allowed by California and/or federal law;
5. Any and all permissible statutory damages;
6. For injunctive relief, including but not limited to, changing the medical response procedures, policies and guidelines for attending to detainees who are at risk for self-harm;
7. For the cost of suit herein incurred; and
8. For such other and further relief as the Court deems just and proper.

Dated: August 23, 24

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE

/s/ Ty Clarke
TY CLARKE
Attorney for PLAINTIFF