1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6

7     FLORINDA IZAZAGA CARDENAS,                Case No. 24-cv-04248-DMR

8              Plaintiff,

9          v.                                   **ORDER ON MOTION TO DISMISS
                                                FIRST AMENDED COMPLAINT**
10    COUNTY OF NAPA,                           Re: Dkt. No. 12

11             Defendant.

12          Plaintiff Florinda Izazaga Cardenas filed a complaint against the County of Napa ("the

13   County") and Does 1-50 alleging claims arising out of the death of her son, Daniel Rivera Izazaga,

14   following his detention at the Napa County Jail.  The County now moves pursuant to Federal Rule

15   of Civil Procedure 12(b)(6) to dismiss the first amended complaint ("FAC").  [Docket No. 12.]

16   This matter is suitable for resolution without a hearing.  Civ. L.R. 7-1(b).  For the following

17   reasons, the motion to dismiss is granted in part and denied in part.

18   **I.      BACKGROUND**

19          The complaint contains the following allegations, all of which are taken as true for

20   purposes of this motion.[1]  Plaintiff Cardenas is Izazaga's mother and successor in interest.  On

21   August 15, 2023, Izazaga was arrested and detained at the Napa County Jail.  During his

22   detention, jail medical staff diagnosed Izazaga with depression.  [Docket No. 12 (FAC) ¶¶ 1, 7.]

23   Cardenas alleges on information and belief that despite Izazaga's depression diagnosis, County

24   employees including jail medical staff, mental health medical professionals, and/or Napa County

25   Sheriff's Office supervisors "did not house [Izazaga] in a medical and/or safety cells" or "place

26

27   _____

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all
of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)
28   (per curiam) (citation omitted).

United States District Court
Northern District of California

United States District Court
Northern District of California

1   him under the highest level of medical observation for detainees at risk of self-harm." *Id*. at ¶ 14.

2   She further alleges on information and belief that despite Izazaga's "worsening mental health

3   symptoms," Defendants Does 1-50 "elected to house [him] in general population at the Napa

4   County Jail for the entirety of his detention[.]" *Id*. at ¶ 15.

5        On October 15, 2023, Izazaga hung himself in his cell.  He was taken to a hospital and

6   placed on life support.  He died on October 24, 2023 after being taken off life support.  *Id*. at ¶¶

7   16, 17.  Cardenas alleges on information and belief that Izazaga would not have had access to the

8   materials he used to hang himself "but for Defendants Does 1-50's decisions to not place [him]

9   under the highest level of medical supervision and instead to house him in general population."

10  *Id*. at ¶ 18.  Cardenas alleges that after Izazaga's death, she and her family tried to get information

11  from the County regarding Izazaga's detention and death and were "repeatedly stonewalled" and

12  "told that they would need to hire a lawyer to get any information" regarding his death.  *Id*. at ¶

13  19.

14       Cardenas alleges the following claims in the FAC: 1) 42 U.S.C. § 1983 claim for deliberate

15  indifference to Izazaga's serious medical needs while in custody in violation of the Fourteenth

16  Amendment, by Cardenas as successor-in-interest to Izazaga against Does 1-50; 2) section 1983

17  claim for violation of Cardenas's right to familial association based upon the Fourteenth

18  Amendment, by Cardenas individually against Does 1-50; 3) negligence, by Cardenas individually

19  and as successor-in-interest against Does 1-50 and the County; 4) violation of the Bane Act,

20  California Civ. Code § 52.1, by Cardenas individually against Does 1-50 and the County; and 5)

21  violation of California Government Code section 845.6, by Cardenas individually and as

22  successor-in-interest against Does 1-50 and the County.  The County now moves to dismiss claims

23  3, 4, and 5.

24  **II.    LEGAL STANDARD**

25       A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in

26  the complaint.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

27  When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all

28  of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

1   (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal

2   theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to

3   relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing

4   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

5   2001)) (quotation marks omitted).  A claim has facial plausibility when a plaintiff "pleads factual

6   content that allows the court to draw the reasonable inference that the defendant is liable for the

7   misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged

8   must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of

9   a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing

10   *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir.

11   2001), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir.

12   2002).

13   **III.   DISCUSSION**

14      **A.    Survival Claims**

15      Cardenas asserts Claims 3 and 5 as survival claims on behalf of Izazaga.  The County

16   argues that Cardenas has not satisfied the requirements of California Code of Civil Procedure

17   section 377.32 to bring the survival claims.  Mot. 11.

18      Under California law, "a cause of action for . . . a person is not lost by reason of the

19   person's death, but survives subject to the applicable limitations period." Cal. Civ. Proc. Code §

20   377.20(a).  A cause of action belonging to the decedent "passes to the decedent's successor in

21   interest . . . and an action may be commenced by the decedent's personal representative or, if

22   none, by the decedent's successor in interest." Cal. Civ. Proc. Code § 377.30; *Tatum v. City &*

23   *Cty. of San Francisco*, 441 F.3d 1090, 1093 n.2 (9th Cir. 2006) ("Under California law, if an

24   injury giving rise to liability occurs before a decedent's death, then the claim survives to the

25   decedent's estate.  Where there is no personal representative for the estate, the decedent's

26   'successor in interest' may prosecute the survival action if the person purporting to act as

27   successor in interest satisfies the requirements of California law. . . ." (internal citations omitted)

28   (citing Cal. Civ. Proc. Code §§ 377.30, 377.32)).  California Code of Civil Procedure section

United States District Court
Northern District of California

1   377.11 states that the term "'decedent's successor in interest' means the beneficiary of the

2   decedent's estate or other successor in interest who succeeds to a cause of action or to a particular

3   item of property that is the subject of a cause of action."  Cal. Code Civ. Proc. § 377.11.

4        California Code of Civil Procedure section 377.32 states that a person "who seeks to

5   commence an action or proceeding or to continue a pending action or proceeding as the decedent's

6   successor in interest . . . shall execute and file an affidavit or declaration under penalty of perjury"

7   providing specific information about the decedent, the decedent's estate, and the person's status as

8   the decedent's successor in interest.  Cal. Code Civ. Proc. § 377.32(a)(1)-(7).

9        Cardenas filed a declaration with her opposition to the motion to dismiss in which she

10  states that she is Izazaga's "biological mother," that there are no proceedings pending in California

11  for the administration of Izazaga's estate, and that Cardenas is her son's successor-in-interest as

12  defined in California Code of Civil Procedure 377.11 and succeeds to Izazaga's interest in this

13  action.  [Docket No. 18-1 (Cardenas Decl. Sept. 18, 2024) ¶¶ 1-4.]  She also states the place of

14  Izazaga's death as required by section 377.32(a)(2) and states that "[n]o other person has a

15  superior right to commence the action or proceeding or to be substituted for the decedent in the

16  pending action or proceeding," as required by section 377.32(a)(6).  *Id*. at ¶¶ 2, 5.  Cardenas

17  submitted a copy of Izazaga's death certificate.  [Docket No. 18-1 (Norman Decl. Sept. 20, 2024)

18  ¶ 2, Ex. 1.]  The court concludes that the requirements of section 377.32 have been satisfied.

19       **B.**    **California Government Code section 845.6[2]**

20       Claim 5 is for failure to summon medical care in violation of California Government Code

21  section 845.6.  Cardenas brings this claim individually and as Izazaga's successor-in-interest.

22  Section 845.6 provides in relevant part that:

23           Neither a public entity nor a public employee is liable for injury
             proximately caused by the failure of the employee to furnish or obtain
24           medical care for a prisoner in his custody; but . . . a public employee,
             and the public entity where the employee is acting within the scope
25           of his employment, is liable if the employee knows or has reason to
             know that the prisoner is in need of immediate medical care and he
26           fails to take reasonable action to summon such medical care. . . .

27

28  [2] As Plaintiffs' negligence claim is based in part on California Civil Code section 845.6, the court
    discusses the section 845.6 claim first and then addresses the negligence claim.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Cal. Gov't Code § 845.6.  To state a claim under section 845.6, "a prisoner must establish three elements: (1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care." *Jett v. Penner*, 439 F.3d 1091, 1099 (9th Cir. 2006).  "Liability under section 845.6 is limited to serious and obvious medical conditions requiring immediate care." *Id*. (quoting *Watson v. State*, 21 Cal. App. 4th 836, 841 (1993)).  "'[I]mmediate' does not signify urgent; rather, the obligation to summon immediate medical care requires that the public employee act in a 'timely' manner, so as to prevent further injury." *Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 608 (9th Cir. 2019) (citing *Jett*, 439 F.3d at 1093).  However, section 845.6 "does not impose a duty to monitor the quality of care provided." *Jett*, 439 F.3d at 1099 (citing *Watson*, 21 Cal. App. 4th at 843).

As an initial matter, Cardenas asserts this claim both in her individual capacity and as Izazaga's successor-in-interest.  However, the FAC alleges no facts supporting a claim by Cardenas on her own behalf, as it does not (and she cannot) allege that she was a prisoner for whom immediate medical care was necessary or that such care was not provided.  Accordingly, the claim is dismissed with prejudice as to Cardenas on her own behalf.

As to Cardenas's claim as Izazaga's successor-in-interest, the FAC alleges in a conclusory manner that Does 1-50 "knew or had reason to know that [Izazaga] was in need of serious medical treatment and supervision, and each failed to take reasonable action to place [him] under the highest level of medical supervision" and "failed to take reasonable action to summon such care and treatment in violation of California Government Code § 845.6."  FAC ¶¶ 47, 48.  This is insufficient to state a claim under section 845.6 because Cardenas alleges no specific facts that any public employee, acting with the scope of their employment, "fail[ed] to take reasonable action to summon . . . medical care."  In fact, the FAC admits that Izazaga received medical care as it alleges that jail medical staff diagnosed him with depression.  FAC ¶ 13.  Under California law, "once an inmate is receiving medical care, § 845.6 does not create a duty to provide adequate or appropriate care." *Resendiz v. Cnty. of Monterey*, No. 14-CV-05495-LHK, 2015 WL 7075694, at *8 (N.D. Cal. Nov. 13, 2015) (citing *Watson*, 21 Cal. App. 4th at 841-43).  "It is not a violation of

1    § 845.6 to fail 'to provide further treatment, or to ensure further diagnosis or treatment, or to

2    monitor [the prisoner] or follow up on his progress.'" *Id*. (quoting *Castaneda v. Dep't Corrs. &*

3    *Rehab.*, 212 Cal. App. 4th 1051, 1072 (2013)).

4         In response, Cardenas argues that "district courts across the Ninth Circuit have consistently

5    found that suicide is a mental health problem for which incarcerated individuals have a right to

6    receive medical care, which can include withholding items that can be used for self-harm and

7    providing additional surveillance."  Opp'n 8 (citing *Arias v. Cnty. of Los Angeles*, No. CV 21-

8    06865 MWF KES, 2022 WL 1557057, at *3 (C.D. Cal. Mar. 29, 2022) (collecting cases)).

9    However, as *Arias* notes, "many courts have held that knowledge of a heightened suicide risk

10   followed by a suicide is factually sufficient to state a claim under section 845.6."  2022 WL

11   1557057, at *3.  In this case, the FAC does not allege facts supporting an inference that County

12   employees "were aware of [Izazaga's] vulnerability to suicide."  *See id*. (dismissing section 845.6

13   claim where "Defendants had no reason to know that Decedent needed immediate medical care to

14   treat his vulnerability to suicide").  The FAC references Izazaga's "worsening mental health

15   symptoms," FAC ¶ 15, but does not describe them or otherwise allege that his symptoms indicated

16   a heightened suicide risk of which any County employees had knowledge.

17         Accordingly, the section 845.6 claim by Cardenas as successor-in-interest is dismissed.  As

18   it is not clear that amendment would be futile, the claim is dismissed with leave to amend.

19         **C.     Negligence**

20         Claim 3 is for negligence on behalf of Cardenas individually and as Izazaga's successor-in-

21   interest.  Cardenas alleges that Does 1-50 breached their duty to Cardenas and Izazaga to act with

22   due care and breached their duty to Izazaga to act with reasonable care, and that the County is

23   vicariously liable for its employees' acts and omissions pursuant to California Government Code

24   section 815.2.  FAC ¶¶ 34-36, 38.  Specifically, the FAC alleges that Does 1-50 breached their

25   obligations to refrain from being deliberately indifferent to Izazaga's serious medical needs and to

26   refrain from violating Cardenas's Fourteenth Amendment right to familial association.  *Id*. at ¶ 36.

27         The County argues that the FAC fails to state a negligence claim because it does not plead

28   "facts suggesting any County employees owed a duty to [Izazaga] and breached that duty."  The

United States District Court
Northern District of California

6

United States District Court
Northern District of California

1    County also argues that it is immune from liability under California Government Code sections

2    844.6 and 845.6.  Mot. 4-5.  The County does not address, and thus does not challenge, the

3    negligence claim brought by Cardenas on her own behalf.

4           "Under California law, '[t]he elements of negligence are: (1) defendant's obligation to

5    conform to a certain standard of conduct for the protection of others against unreasonable risks

6    (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection

7    between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss

8    (damages).'"  *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (quoting *McGarry v. Sax*, 158

9    Cal. App. 4th 983, 994 (2008)).  "A public entity is liable for injury proximately caused by an act

10   or omission of an employee of the public entity within the scope of his employment if the act or

11   omission would, apart from this section, have given rise to a cause of action against that employee

12   or his personal representative."  Cal. Gov't Code § 815.2(a).

13          In the opposition, Cardenas clarifies that the negligence claim is based upon Izazaga's

14   "constitutional right to be free from deliberate indifference to [his] serious medical need" and that

15   Does 1-50 "acted negligently by failing to summon medical care" under California Government

16   Code section 845.6.  Opp'n 5-7.  With respect to the portion of the negligence claim based upon

17   violation of section 845.6, as previously discussed, the claim is dismissed because the FAC does

18   not sufficiently allege that County employees failed to summon medical care in violation of

19   Section 845.6.

20          Turning to the negligence claim based on deliberate indifference to Izazaga's serious

21   medical need, "[i]n California, prison officials owe detainees a duty to protect them from

22   foreseeable harm."  *Cravotta v. Cnty. of Sacramento*, 717 F. Supp. 3d 941, 967 (E.D. Cal. 2024)

23   (quoting *Cotta v. County of Kings*, 686 F. App'x 467, 469 (9th Cir. 2017)).  "This standard

24   requires a much lower level of culpability than deliberate indifference."  *Id*. (citing *Castro v. Cnty.*

25   *of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)).  Here, the FAC does not allege sufficient

26   facts to support a reasonable inference that Izazaga's death by suicide was a foreseeable harm.  It

27   alleges only that Izazaga was diagnosed with depression and that at some unspecified point in

28   time, he experienced "worsening mental health symptoms."  FAC ¶¶ 13, 15.  It alleges no facts

United States District Court
Northern District of California

1    about his particular symptoms or whether County employees could even perceive his mental

2    health symptoms.  An allegation of worsening mental health symptoms of depression, standing

3    alone, does not support the inference that Izazaga was suicidal or that his suicide was foreseeable.

4    Accordingly, Cardenas's negligence claim based on deliberate indifference to Izazaga's serious

5    medical need is dismissed with leave to amend.

6    ### D.    Bane Act

7        Cardenas asserts a Bane Act claim solely on her own behalf.  The Bane Act provides a

8    private right of action for damages against any person, whether acting under color of law or not,

9    who interferes or attempts to interfere "by threats, intimidation, or coercion, with the exercise or

10    enjoyment by any individual or individuals of rights secured by the Constitution or laws of the

11    United States, or of the rights secured by the Constitution or laws" of California.  Cal. Civ. Code §

12    52.1(a), (b).  Cardenas alleges that Defendant Does 1-50 and the County violated her right to

13    familial association under the U.S. and California Constitutions.  FAC ¶ 42.

14        Strangely, the County's motion focuses on Izazaga's constitutional claim of deliberate

15    indifference to serious medical needs, *(see* Mot. 7-9, Opp'n 9-11; Reply 7-8), even though the

16    FAC does not allege a Bane Act claim on behalf of Izazaga.  Instead, Cardenas asserts a Bane Act

17    claim solely on her own behalf: "Plaintiff brings her 'Bane Act' claim individually for direct

18    violation of her own rights."  FAC ¶ 41.  The FAC alleges that Defendants violated Cardenas's

19    "clearly-established rights [to familial association] under the United States Constitution and the

20    California Constitution" *Id.* at ¶ 42.  Although the County's motion mentions parents and

21    children's "constitutionally protected liberty interest in companionship and society with each

22    other," it does not analyze the Bane Act with respect to that constitutional right; it focuses on

23    Izazaga's constitutional right to medical care and exclusively discusses Izazaga's rights on reply.

24    In other words, the County's motion does not actually address Cardenas's claim, which is the sole

25    basis for the Bane Act claim.  Accordingly, the motion to dismiss this claim is denied.

26    ### IV.    CONCLUSION

27        For the foregoing reasons, the motion to dismiss is granted in part and denied in part.

28        Cardenas's individual section 845.6 claim is dismissed with prejudice.  The section 845.6

8

United States District Court
Northern District of California

1    claim by Cardenas as successor-in-interest is dismissed with leave to amend.  The successor-in-

2    interest negligence claims based upon violation of section 845.6 and deliberate indifference to

3    Izazaga's serious medical need are dismissed with leave to amend.  The County's motion to

4    dismiss Cardenas's individual Bane Act claim is denied.  Any second amended complaint must be

5    filed by no later than November 5, 2024.  Cardenas must plead her best case.

6

7        **IT IS SO ORDERED.**

8    Dated: October 22, 2024

9

10



IT IS SO ORDERED

Donna M. Ryu
Chief Magistrate Judge
Judge Donna M. Ryu

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9