UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORINDA IZAZAGA CARDENAS,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA FORENSIC MEDICAL GROUP, INC., et al.,<br><br>Defendants. | Case No. 24-cv-04248-ASK<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**<br><br>Re: Dkt. No. 87 |

Defendant California Forensic Medical Group, Inc. ("Defendant" or "CFMG") has moved the Court to dismiss with prejudice the Fourth Amended Complaint of Plaintiff Florinda Izazaga Cardenas, Dkt. No. 83 ("FAC"), under the doctrine of *res judicata* and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 87 ("Mot."). Cardenas has opposed. Dkt. No. 90 ("Opp'n."). CFMG has replied. Dkt. No. 92 ("Reply").

The Court decides this matter without oral argument pursuant to Civil L.R. 7-1(b). For the reasons set forth below, the Court GRANTS the Motion with prejudice.

## I.    BACKGROUND

This case arises out of the death by suicide of Cardenas's son, Daniel Rivera Izazaga ("Decedent"), at the Napa County Jail, where CFMG provides psychiatric care to prisoners. *See* FAC at 2–3. The instant FAC, like the four complaints before it, *see* Dkt. Nos. 1, 12, 31, 61, alleges that Defendant violated Decedent's federal civil rights through its actions and omissions with respect to his medical care. *See, e.g.*, FAC at 7. The FAC appears to repeat nearly *verbatim* the entire Third Amended Complaint, Dkt. No. 61 ("TAC"). The only alteration appears to be the addition of Paragraph 13 in the FAC. *Compare* FAC at 4 *with* TAC at 4.

United States District Court
Northern District of California

## II.    LEGAL STANDARD

The Court applies the familiar standard under which a plaintiff must state a facially plausible claim to relief to survive a 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## III.    DISCUSSION

Plaintiff pleads two causes of action in the FAC: deliberate indifference under 42 U.S.C. Section 1983 and negligence. FAC at 7–8. The Court has already dismissed the negligence claim with prejudice because it is time-barred. Dkt. No. 82 at 12. Plaintiff asserts that she included the negligence claim in the FAC erroneously and that she does not oppose its dismissal. Opp'n at 7. The Court again dismisses the negligence claim with prejudice.

The only remaining claim is for deliberate indifference under Section 1983. Such claims have two elements. "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Egberto v. Nevada Dep't of Corr.*, 678 F. App'x 500, 502–03 (9th Cir. 2017) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation omitted)). In the Ninth Circuit, pretrial detainees bringing medical care claims against an individual defendant prove deliberate indifference by establishing that "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

The undersigned's predecessor in this matter, Judge Ryu, found Plaintiff's allegations in the TAC insufficient because of how they "impermissibly lump Defendants together, making it

impossible to distinguish each Defendant's role. . . ." Dkt. No. 82 at 13. The FAC does not correct this fatal deficiency. Plaintiff still does not indicate which Defendants are responsible for certain crucial alleged acts. For example, Plaintiff alleges that "Decedent continued to express to jail staff his frustration, increasing depression and lack of will . . . to live" and that "Does 1-25 did nothing to intervene, did not report his suicidal ideations or take precautions to prevent Decedent from acting on his suicidal ideations." FAC at 5. These descriptions of undifferentiated groups of "jail staff" and Doe defendants do not allow the Court to attribute the alleged actions to CFMG employees.[1] Such "[u]ndifferentiated group pleading . . . is impermissible. . . ." *Russo v. Fed. Med. Servs., Inc.*, 744 F. Supp. 3d 914, 922 (N.D. Cal. 2024) (citing *In re Sagent Tech., Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003)).

Plaintiff's amendments do not cure this issue. Plaintiff has added a single paragraph to her pleading, as follows:

> During a prior detention at the Napa County Jail in September 2022, Defendant CFMG Jail Staff placed Decedent into a safety cell after Decedent reported suicidal ideations. The records of this prior incident in which Decedent reported suicidal ideations were in Defendant CFMG's possession at the time of Decedent's intake in 2023. Thus, Defendant DOES 1-50, who were involved in Decedent's housing placement and mental health supervision (or lack thereof) during his subsequent detention, were aware or should have been aware that Decedent had previously reported suicidal ideations while in jail for the entirety of his 2023 detention.

FAC ¶ 13. Though the first two sentences of course refer to CFMG staff, the third sentence speaks only of a conglomeration of Doe defendants, which does not allow the Court to infer anything about CFMG employees' involvement in the "housing placement and mental health supervision" decisions discussed there. *Id.* This added paragraph cannot support the reasonable inference that CFMG employees' conduct led to Izazaga's death.

The Court appreciates that Izazaga's death is extremely upsetting and that Ms. Cardenas's grief must be profound. But the allegations that she makes in the FAC do not support an inference that CFMG is liable in relation to her son's death. The Court accordingly grants the Motion with respect to the deliberate indifference claim.

---

[1] Judge Ryu has identified these specific sentences—which were included *verbatim* in the TAC, *compare* FAC ¶ 15 *with* TAC ¶ 14—as particularly problematic. *See* Dkt. No. 82 at 14.

The fact that Plaintiff filed a nearly unchanged pleading that attempts to address the group-allegations issue by merely repackaging these allegations in another form leads the Court to conclude that the FAC cannot be saved by further amendment. The Court accordingly grants the Motion with prejudice. *See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) ("[A] district court does not err in denying leave to amend where the amendment would be futile." (citation omitted)).

**IT IS SO ORDERED.**

Dated: May 12, 2026

AJAY KRISHNAN
United States Magistrate Judge

United States District Court
Northern District of California

4